IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

FEB 1 7 2005

Michael N. Milby, Clerk of Court

| | |
|---|---|
| PATRICK O. BRADSHAW, § | |
| TDCJ-CID #392304 § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. H-04-0073 |
| § | |
| DOUGLAS DRETKE, § | |
| § | |
| Respondent. § | |

## MEMORANDUM AND ORDER

Petitioner Patrick O. Bradshaw, a state inmate incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), proceeding *pro se*, filed a habeas corpus petition under 28 U.S.C. § 2254, challenging a disciplinary conviction. Respondent filed a motion for summary judgment. (Docket Entry No. 4.) Petitioner filed a response and a cross-motion for summary judgment (Docket Entry No. 6), and a request for a hearing (Docket Entry No. 5).

Based on consideration of the pleadings, the motions and responses, the record, and the applicable law, the Court grants respondent's motion for summary judgment, denies petitioner's motion for summary judgment and for a hearing, and dismisses this lawsuit with prejudice.

### I. Background and Claims

On January 23, 2003, petitioner was found guilty in disciplinary case #20030142244 of assaulting a TDCJ officer. Petitioner's claims of self-defense were rejected, and he was

punished with fifteen days in solitary confinement, a reduction in line class status, and loss of 365 days of good time credit. Petitioner filed Step 1 and Step 2 grievances complaining that the officers had attacked him, and requesting that the case be dismissed and his line class status and good time credits be restored. (Docket Entry No. 1, Exhibit 1.) The conviction was not set aside.

Petitioner filed this federal petition on January 7, 2004, raising claims for use of excessive force by TDCJ officials, a false disciplinary conviction, and denial of due process in the disciplinary proceeding. Respondent seeks summary judgment dismissing petitioner's claims as a matter of law. Petitioner has cross-filed for summary judgment on his claims.

## II. Motion for Hearing

In his motion to request hearing (Docket Entry No. 5), petitioner requests that the Court set a hearing so that the parties can more fully address the exhaustion and mandatory supervision issues they have raised. The Court has reviewed the motions and evidence in this case and finds that these are not issues necessary for disposition of petitioner's claims. Petitioner's request for a hearing (Docket Entry No. 5) is **DENIED**.

## III. Analysis

Petitioner complains that in January 2003, TDCJ officers assaulted him without provocation. Petitioner claims he defended himself against their attack, and that the officers filed false disciplinary charges against him, resulting in his disciplinary conviction. Under the liberal construction required by *Haines v. Kerner*, 404 U.S. 519, 520 (1972), petitioner's

lawsuit reasonably raises claims under both 28 U.S.C. § 2254 and 42 U.S.C. § 1983. These claims will be discussed separately.

**A.    Claims for Habeas Relief**

A state prisoner seeking federal habeas review pursuant to section 2254 must assert a violation of a federal constitutional right to be entitled to such relief. *Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). Challenges to a disciplinary proceeding do not generally raise a cognizable constitutional violation unless the petitioner has lost good time credit and is eligible for mandatory supervision. *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000). To the extent petitioner's disciplinary conviction resulted in solitary confinement and a reduction in line class status, no cognizable federal constitutional question is raised, as such results do not impact the fact or duration of his confinement. *See Sandin v. Conner*, 515 U.S. 472, 487 (1995); *Malchi*, 211 F.3d at 958.

Petitioner also alleges that he lost good time credit and is eligible for mandatory supervision. Respondent has presented summary judgment evidence showing that petitioner is not eligible for mandatory supervision. (Docket Entry No. 4, Exhibit A.) Petitioner was convicted of aggravated kidnaping, and Texas state law provides that a defendant convicted for aggravated kidnaping may not be released to mandatory supervision. *See* TEX. GOV. CODE § 508.149; *Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997).

Regardless, and even assuming petitioner is eligible for mandatory supervision, he has not demonstrated a due process violation. When an inmate has a protected liberty interest in the loss of accrued good time credits, the revocation of such credits must comply

with minimal procedural due process. *Henson v. United States Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000). In order to prevail under this argument, a petitioner must show that his due process rights were violated during the disciplinary process. The United States Supreme Court has set out the due process to which a prisoner is entitled during a disciplinary proceeding. In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court held that while disciplinary proceedings are not part of the criminal prosecution process and, therefore, the full panoply of rights does not apply, there are certain minimal due process provisions which are required. Those are: (1) advance written notice of the charges; (2) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action; and (3) an opportunity to call witnesses and/or present documentary evidence when such presentation is not unduly hazardous to institutional safety or correctional goals. *Id.* at 563-566.

Petitioner contends he was denied due process in the disciplinary proceedings because (1) the disciplinary charges were false; (2) the charging officers lied; (3) he was new to the unit and did not know any inmates to call as witnesses in his defense; and (4) there was no indication that the officers attempted to ask if any inmates wanted to complete a witness report.

The Court construes the first and second arguments as habeas grounds challenging the sufficiency of the evidence to support the disciplinary conviction. It is settled law that federal courts do not review the sufficiency of the evidence at a disciplinary hearing. *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986). Petitioner concedes that due process requires

at a minimum, that there be "some evidence" in the record to support a disciplinary decision. *See Broussard v. Johnson*, 253 F.3d 874, 876 (5th Cir. 2001). The Supreme Court has held that under this standard, it is unnecessary to examine the entire record, independently assess credibility of witnesses, or weigh the evidence. Rather, the relevant question is whether there is *any* evidence in the record that could support the conclusion reached. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). Prison disciplinary proceedings are set aside only where no evidence whatsoever in the record supports the disciplinary official's decision. *Broussard*, 253 F.3d at 877; *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994). According to the disciplinary report and hearing record in the instant case, the hearing officer found petitioner guilty based upon the charging officer's report and witness testimony. Information provided in a written incident report standing alone can satisfy the "some evidence" standard. *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001). As there was clearly some evidence to support the hearing officer's finding of guilt, habeas relief is not merited.

Further, the disciplinary hearing record in petitioner's proceeding establishes that minimum due process requirements were met. He was given advance written notice of the charges, and was advised of his right to call witnesses and present documentary evidence. (Docket Entry No. 4, Exhibit B, pp. 4-5.) He was present and represented by counsel substitute, who read petitioner's handwritten statement into evidence. (*Id.*, p. 4.) Petitioner requested "all of three row" and the "white lady in picket" as witnesses. (*Id.*, p. 5.) The hearing record notes that the inmates on three row "refused to witness." (*Id.*, p. 7.) No

complaints are raised regarding the "picket" witness. The record contains written statements of the fact finder setting forth the evidence relied upon in reaching the decision and the reasons for the disciplinary action taken. (*Id.*, p. pp. 1-6.) Petitioner's conclusory and self-serving allegations of false testimony are insufficient to raise a cognizable habeas claim. *See Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). Habeas relief is **DENIED**.

**B.    Claims for Assault and Use of Excessive Force**

To prevail on an Eighth Amendment excessive force claim, an inmate must establish that the force was not applied in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm, and that injury resulted. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Prison guards are authorized to use reasonable force to maintain order and to protect themselves, other prison employees, and prisoners. *Baldwin v. Stalder*, 137 F.3d 836, 840 (5th Cir. 1998). Prison officers are responsible for maintaining institutional security and must often act quickly and decisively to avert or resolve dangerous situations. *Valencia v. Wiggins*, 981 F.2d 1440, 1446 (5th Cir. 1993). Here, the disciplinary hearing record shows that use of force was necessary to subdue and control petitioner, restore order, and protect the other officers and inmates. *See Baldwin*, 137 F.3d at 840. Nothing in the disciplinary hearing record shows that the officers used force maliciously and sadistically to injure petitioner or as a wanton and unnecessary infliction of pain. Further, as shown by the medical record attached to his petition, petitioner incurred nothing more than *de minimis* physical injuries from the use of force. (Docket Entry No. 1, Exhibit 4.) Petitioner's Eighth Amendment claim for use of excessive force is without merit and is dismissed

Regardless, petitioner's disciplinary conviction for assault of the officers bars him from recovery on an excessive force claim because his claim "is necessarily inconsistent with his criminal conviction." *See Sappington v. Bartee*, 195 F.3d 234, 237 (5th Cir. 1999). Assuming, *arguendo*, that he lost previously earned good time credits and that he is entitled to mandatory supervised release such that a constitutionally protected liberty interest is at stake, petitioner has not shown that the results of the disciplinary proceeding have been reversed, invalidated or otherwise called into question. Thus, his civil rights claims are currently barred. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (holding that a claim based on allegations that would necessarily imply the invalidity of a disciplinary hearing is not cognizable in a civil rights action unless the disciplinary action has been reversed, expunged or otherwise invalidated). These claims are dismissed.

C.  **Claims for False Disciplinary Charges**

To the extent that petitioner may be raising a claim based on the filing of a false disciplinary charge under § 1983, he must demonstrate that there has been a favorable termination of the disciplinary proceeding prior to bringing the claim. *Woods v. Smith*, 60 F.3d 1161, 1165 n. 16 (5th Cir. 1995). A prisoner may not collaterally attack the procedures used in his prison disciplinary hearing under § 1983 until he demonstrates that the case has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Balisok.* Consequently, as petitioner has not secured

a favorable termination of his disciplinary conviction, this cause of action has not accrued. Plaintiff's claims presently lack an arguable basis in law and are dismissed.

## VI. Certificate of Appealability

The showing necessary for a certificate of appealability (COA) is a substantial showing of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 483 (2000); *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A petitioner makes a substantial showing when he demonstrates that his petition involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *Clark v. Johnson*, 202 F.3d 760, 763 (5th Cir. 2000). When the district court denies a habeas petition on procedural grounds without reaching the inmate's underlying constitutional claim, a COA should issue when the inmate shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson*, 256 F.3d 317, 319 (5th Cir. 2001). Petitioner has not made the showing necessary for issuance of a COA, and a COA is **DENIED**.

## V. Conclusion

Based upon the foregoing, the Court finds that petitioner's petition for a writ of habeas corpus challenging his prison disciplinary conviction should be denied and this cause dismissed with prejudice.

Accordingly, the Court **ORDERS** as follows:

1. Petitioner's motion to request a hearing (Docket Entry No. 5) is **DENIED**.

2. Petitioner's cross-motion for summary judgment (Docket Entry No. 6) is **DENIED**.

3. Respondent's motion for summary judgment (Docket Entry No. 4) is **GRANTED**.

4. Petitioner's petition for habeas relief is **DENIED**, and this case is **DISMISSED** with prejudice.

5. All pending motions are **DENIED** as moot.

6. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 15th day of February, 2005.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE